IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEVEREAUX BURNETT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:14-cv-226 (MTT) (CHW) |
| | : | |
| CAROLYN W. COLVIN, | : | Social Security Appeal |
| Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Devereaux Burnett's application for benefits. In accordance with the analysis below, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

## BACKGROUND

Plaintiff applied for Title II benefits in April 2010, alleging disability due to hypertension, diabetes mellitus, and affective and mood disorders. (Doc. 8, p. 1). Plaintiff's application was denied initially and on reconsideration, (R. 86–88), and on November 15, 2012, a hearing was held before a reviewing Administrative Law Judge ("ALJ"). (R. 43–83). On November 27, 2012, the ALJ found that Plaintiff was not "disabled" within the meaning of the Social Security Act. (R. 14-35). The Appeals Council denied review on April 18, 2014, and Plaintiff now seeks review before this Court, arguing that the ALJ did not pose complete hypotheticals and that the ALJ's treatment of the opinions of Dr. Harvey Jones, a treating physician, and Dr. William F. McDaniel, a consultative psychologist, is too vague to permit meaningful judicial review. Because the record does not support Plaintiff's arguments, and

1

because the Commissioner's decision is supported by substantial evidence, it is recommended that the Court affirm.

## STANDARD OF REVIEW

Judicial review of a decision of the Commissioner of Social Security is limited to a determination of whether that decision is supported by substantial evidence, as well as whether the Commissioner applied the correct legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence" is defined as "more than a scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Eleventh Circuit has explained that reviewing courts may not decide the facts anew, reweigh the evidence, or substitute their judgment for that of the Commissioner. *Id.* Rather, if the Commissioner's decision is supported by substantial evidence, that decision must be affirmed even if the evidence preponderates against it.

## EVALUATION OF DISAIBLITY

Social Security claimants are "disabled" if they are unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled: "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the

impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel*, 631 F.3d at 1178 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v)).

### DISABILITY EVALUATION IN THIS CASE

Following the five-step sequential evaluation process, the reviewing ALJ made the following findings in this case. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from October 15, 2009, his alleged onset date, through December 31, 2010, his date last insured. (R. 16). At step two, the ALJ found that Plaintiff had the following "severe" impairments through his date last insured: "hypertension, diabetes, degenerative lumbar disc disease, lumbago, obesity, tendonosis of [the] left shoulder, a somatoform disorder, and a mood disorder associated with depression and anxiety." (R. 16). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the severity of one of the listed impairments. (R. 15). Therefore, the ALJ assessed Plaintiff's RFC and determined that, during the relevant period, Plaintiff could perform (R. 18):

> [L]ight work . . . with some exceptions. Specifically, the claimant needed to rotate positions frequently, and he should have performed no more than occasional stooping, crouching or overhead reaching with his non-dominant left arm and hand. In addition, the claimant must not [*sic*] have worked in a temperature-controlled environment, and he should not have had any exposure to industrial hazards. Finally, the claimant could have performed only simple tasks, and he should have had no more than occasional and casual contact with the general public.

At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work during the relevant period. (R. 33). At step five, though, the ALJ determined that Plaintiff

3

could have performed the requirements of representative occupations like "small product assembler, II," "mail clerk," and "office helper." (R. 34). As a result, the ALJ determined that Plaintiff was not "disabled" within the meaning of the Social Security Act.

## ANALYSIS

Plaintiff raises three grounds for relief, none of which warrant a remand in this case. Plaintiff first argues that the ALJ's treatment of Dr. Harvey Jones's treating-physician opinion is too generalized to allow for meaningful judicial review. (Doc. 8, pp. 4–5). Contrary to Plaintiff's argument, though, the ALJ expressly found that (i) Dr. Jones's opinions were conclusory,[1] that (ii) Dr. Jones's findings were based on "nothing more than the claimant's subjective complaints," and that (iii) Dr. Jones's findings were inconsistent with the other evidence in the record.[2] (R. 31). All three of these findings—findings which Plaintiff did not address—constitute "good cause" for discounting Dr. Jones's opinion. *See, e.g.*, *Phillips v. Barnhart*, 357 F.3d 1232, 1240–41 (11th Cir. 2004) ("good cause exists when the (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records"). Accordingly, Plaintiff's first "generalized assessment" argument is not grounds for remand.

Plaintiff's second argument, another "generalized assessment" argument, this time with regard to Dr. William F. McDaniel, a consultative psychologist, also fails to provide grounds for a remand. (Doc. 8, pp. 5–6). As Plaintiff notes, Dr. McDaniel found that Plaintiff's "pain and psychotropic medication . . . could make him a significant liability in many jobs involving machinery." (R. 367). The ALJ, however, expressly limited Plaintiff to work involving only

---

[1] In the ALJ's words, "the doctor declined to explain his conclusions, or interrelate them in any way with the underlying objective evidence." (R. 31).

[2] In the ALJ's words: "[S]ome of what the doctor reported on the form provided by counsel was nonsensical. For instance, it seems silly to suggest the claimant could never climb steps, or that he could only occasionally reach, handle, finger or feel." (R. 31).

4

simple tasks and with no exposure to industrial hazards. (R. 18). In other words, the ALJ appears to have directly incorporated Dr. McDaniel's findings into Plaintiff's RFC. Because Plaintiff fails to explain how Dr. McDaniel's opinion is inconsistent with the ALJ's opinion, and because Dr. McDaniel's findings do not, in fact, contradict the ALJ's findings, any error the ALJ may have committed in failing to sufficiently specify the weight accorded to Dr. McDaniel's opinion was harmless. *See, e.g.*, *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

Finally, Plaintiff's third and last argument, that "the jobs found at step five of the sequential evaluation process are not consistent with the residual functional capacity," (Doc. 8, p. 6), also fails to provide grounds for a remand. This argument appears to contain at least two distinct sub-arguments, neither of which is supported by the record. Plaintiff first appears to argue that the jobs selected by the ALJ at step five are inconsistent with the ALJ's own RFC finding. According to Plaintiff, "[t]here is no question" that the representative occupations advanced by the ALJ—small product assembler, mail clerk and office helper—are "factory jobs around machinery," and that they therefore conflict with the ALJ's finding that Plaintiff should not have had any exposure to industrial hazards. (Doc. 8, p. 7). This argument, for which Plaintiff cites no authority, ignores both the relevant definitions in the Dictionary of Occupational Titles and also the expertise of the Vocational Expert, who indicated that the occupations selected by the ALJ allowed for "work in a temperature controlled environment," and for "no exposure to industrial hazards." (R. 74–75).

Plaintiff's other sub-argument, that the ALJ failed to pose complete hypotheticals to the Vocational Expert, is also unpersuasive. Plaintiff claims that the ALJ failed to consider "limitations on relations with co-workers and supervisors," (Doc. 8, p. 7), but Plaintiff did not

explain what authorities he believes support such limitations, and no such authorities are apparent. Accordingly, there is no basis to conclude that the ALJ's hypotheticals were incomplete.

## CONCLUSION

After a careful consideration of the record, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 15th day of April, 2015.

                                        s/ Charles H. Weigle_____
                                        Charles H. Weigle
                                        United States Magistrate Judge